IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MANETIRONY CLERVRAIN, #96396-004            PETITIONER

V.            CIVIL ACTION NO. 5:17-cv-89-DCB-MTP

WARDEN DAVID BERKERBILE            RESPONDENT

ORDER

       This habeas corpus case is before the Court on the Motion [27] of Petitioner Manetirony Clervrain, proceeding pro se, for reconsideration of the Court's Order of Dismissal [24] and Final Judgment [25]. The Court, having considered Petitioner's Motion in light of the applicable authority, finds Petitioner's Motion should be denied.[1]

I.      Standard

       Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment. But reconsideration "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). And "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "a motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863 (5th Cir. 2003) (citations and quotations omitted).

II.     Discussion

       Petitioner objects to the Court's decision to require him to pay the $5.00 filing fee and seeks reconsideration of the dismissal of this case. The Court denied Petitioner's request for waiver of the $5.00 filing fee because Petitioner's inmate account balance was $31.53, and Petitioner swore under oath

---

[1] The Court considers Petitioner's Motion under Rule 59(e) because it was filed within 28-days of the entry of the Final Judgment.

that he receives $70.00 a month in gifts, which was supported by Petitioner's inmate account statements. *See* Order [15]. The Court allowed Petitioner ample time to submit payment of the filing fee before the dismissal of this case on March 28, 2018.

In his Motion [27] for reconsideration, Petitioner claims that the updated account information he provided in December of 2017, in response to the Court's Order denying pauper status, demonstrates that he is a pauper. This statement, entitled "resident transactions" starts with the opening of the account on August 7, 2017, and ends with a print date of November 17, 2017. Resp. [16] at 3-9. This document reflects that during this time period Petitioner had numerous transactions purchasing postage, copies and envelopes. *Id*. It also reflects that during this time period $227.55 was deposited into Petitioner's account. *Id*.

Petitioner continues to argue that the Court should grant him pauper status and he seeks reconsideration of the dismissal of this case but Petitioner fails to provide any new arguments or any arguments that were not previously available to him. Therefore, Petitioner fails to satisfy the requirements for obtaining relief under Rule 59(e).

III. Conclusion

The Court has considered the pleadings and applicable law. For the foregoing reasons, Petitioner's Motion [27] for Reconsideration under Rule 59(e) is denied.

SO ORDERED AND ADJUDGED this the 8th day of May, 2018.

      s/David Bramlette
      UNITED STATES DISTRICT JUDGE